W. G. W. GEIGER, Appellant, v. ROBERT GAIGE.

Garnishment: PERSONAL LIABILITY OF GARNISHEE: DEFENSE. An administrator against whom a judgment has been entered as garnishee at the instance of a creditor of one of the heirs to the estate, and who, for the purpose of defeating the garnishment, paid the money over to the heir and procured his discharge, cannot defeat a personal action against him for the same by showing that the creditor made an unsuccessful attempt in the probate court to have the order of discharge set aside.

*Appeal from Cedar District Court.*— HON. WM. G. THOMPSON, Judge.

TUESDAY, MAY 7, 1907.

ACTION to recover judgment by plaintiff, as assignee of Kate Smith, against defendant, who, as administrator of the estate of Robert H. Adams, had been adjudged indebted as garnishee to said Kate Smith, creditor of one H. T. Adams, who was under the will of Robert H. Adams, his father, entitled to a distributive share in the estate. It is alleged that defendant administrator wrongfully secured his discharge by the probate court on paying over to H. T. Adams his distributive share, without disclosing his liability as garnishee, and thereby defeated the garnishment, and this action was brought to recover personal judgment against him on that account. There was a judgment for the defendant on a trial without a jury, and the plaintiff appeals.— *Reversed.*

*W. G. W. Geiger, pro se.*

No appearance for appellee.

McCLAIN, J.— On a former appeal in this case, 105 N. W. 1007 (not officially published), it was held that defendant's demurrer to plaintiff's petition was improperly sustained by the lower court, and the case was sent back for a new trial. Subsequently the defendant filed an answer, setting up as bar to plaintiff's right of action the fact that his assignor, Kate Smith, appeared in the probate court after the discharge of defendant as administrator was granted without notice to her, she being one of the distributees of the estate, and moved to set aside the discharge on the ground that it was wrongfully granted, inasmuch as the administrator was thus relieved from liability under the garnishment in her favor, and that this motion to set aside the discharge was overruled. But we think this proceeding in behalf of Kate Smith in the probate

court did not bar an action by her or her assignee, the plaintiff herein, to recover a personal judgment against defendant as garnishee on account of his wrongful action in securing his own discharge for the purpose of defeating such garnishment. True, he was garnished as administrator, but this garnishment imposed a duty upon him to respond out of funds then in his hands, and, if by his own wrongful act in paying over the money to plaintiff's debtor and procuring a discharge in the probate court he defeated the payment of the debt out of the assets of the estate in his hands belonging to H. T. Adams, the debtor in the garnishment proceeding, then he ought to respond personally in damages.

The trial court erred, therefore, in rendering judgment for the defendant, and such judgment is *reversed.*